IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>        **Plaintiff,**<br><br>v.<br><br>CONTOUR EASTWYCK LLC;<br>MILDRED COLLINS-WILLIAMS, as<br>Administrator of the Estate of Tijuana<br>Frazier and as Guardian and Next<br>Friend of Q.H., a minor, and PEBBLES<br>MCCLAIN, as Guardian and Next<br>Friend of J.F. and I.F., minors,<br><br>        **Defendants.** | CIVIL ACTION FILE NO. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Nautilus Insurance Company ("Nautilus") files this Complaint for Declaratory Judgment.

## PARTIES

1.

Nautilus, the plaintiff herein, seeks a declaration as to coverage, if any, owed for liability claims asserted against Contour Eastwyck, LLC, the named insured on

an insurance policy. Nautilus is organized under the laws of Arizona with its principal place of business in Arizona. For purposes of federal court jurisdiction, therefore, Nautilus is a citizen of Arizona.

2.

Contour Eastwyck, LLC, a defendant herein, is a citizen of Michigan, Delaware, New York, California, New Jersey, Maryland, Indiana, Kentucky, and Texas, where its members are citizens. Contour Eastwyck can be served via its registered agent CT Corporation System located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

3.

Defendant Mildred Collins-Williams is a defendant herein as Administrator of the Estate of Tijuana Frazier and as Guardian and Next Friend of Q.H., a minor. For purposes of federal court jurisdiction, Collins-Williams is a citizen of Georgia where the decedent was a citizen and the represented minor is a citizen. 28 U.S.C. § 1332(c)(2). Collins-Williams is named so as to be bound by the coverage rulings of the Court and can be served with process at 4397 Denise Drive, Decatur, Georgia 30035.

4.

Defendant Pebbles McClain is a defendant herein as Guardian and Next Friend of J.F. and I.F.. McClain is a citizen of North Carolina where the represented minors are citizens. 28 U.S.C. § 1332(c)(2). McClain is named so as to be bound by the coverage rulings of the Court and can be served with process at 5408 Spence Farm Road, Holly Springs, North Carolina 27540.

## **JURISDICTION**

5.

There is complete diversity of citizenship between Nautilus and the defendants.

6.

The amount in controversy exceeds $75,000.

7.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332.

8.

There is an actual case and controversy concerning Nautilus's coverage obligations to support declaratory relief. 28 U.S.C. § 2201; FED. R. CIV. P. 57.

9.

Defendants are subject to this Court's personal jurisdiction.

## VENUE

10.

Venue is proper in the Atlanta Division of the Northern District of Georgia where one of the defendants resides and where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b); N.D. Ga. Loc. R. 3.1.

## FACTS

### The Underlying Lawsuit

11.

Collins-Williams and McClain ("Liability Plaintiffs") sued Contour Eastwyck in the State Court of DeKalb County, Georgia, seeking damages arising from the death of Tijuana Frazier in the case styled *Mildred Collins-Williams, et al. v. Contour Eastwyck LLC*, Civil Action 20A80926 (the "Underlying Lawsuit"). A true copy of the Underlying Complaint is attached as Exhibit A.

12.

The Liability Plaintiffs allege Contour Eastwyck, as the owner of the property, is liable for Frazier's death for failing to keep the premises safe; allowing and

maintaining a nuisance; and negligently hiring, training, supervising, and retaining its employees.

13.

Contour Eastwyck removed the Underlying Lawsuit to the United States District Court for the Northern District of Georgia based on diversity of citizenship between the parties. The case was assigned Civil Action File No. 1:20-CV-3129-CAP and remains pending at this time.

14.

Following a course of discovery, the Liability Plaintiffs moved for sanctions against both Contour Eastwyck and its defense counsel based on allegations of abuses of the discovery process.

15.

On December 15, 2022, the Court granted the Liability Plaintiffs' motion, finding that both Contour Eastwyck and its defense attorneys failed to produce relevant information and destroyed relevant documents. ("Sanction Order"). In addition to striking Contour Eastwyck's answer as a result, the Court ruled that Contour Eastwyck and its defense attorneys would be jointly and severally liable for the Liability Plaintiffs' attorney fees incurred as a result of their misconduct. A true copy of the Sanction Order is attached as Exhibit B.

16.

Meanwhile, the Liability Plaintiffs had moved to approve a partial settlement of their claims pursuant to an agreement reached with Colony Insurance Company ("Colony") as Contour Eastwyck's primary carrier. As represented by the Liability Plaintiffs, Colony had agreed to pay the $1,000,000 limit of its primary policy issued to Contour Eastwyck in exchange for a limited release, conditioned on approval by the Court. A true copy of the Motion for Approval of Partial Settlement (without its exhibits) is attached as Exhibit C.

17.

The Court had not approved the Liability Plaintiffs' partial settlement with Colony by the time the Sanction Order was issued, after which the Liability Plaintiffs moved to rescind the partial settlement based on fraudulent conduct by Contour Eastwyck. The Court denied the motion to rescind as untimely.

## **The Nautilus Policy**

18.

Nautilus is contributing to the cost of Contour Eastwyck's defense pursuant to a reservation of rights agreement under the terms of excess liability policy AN060019 issued to Contour Eastwyck as a named insured for the period November

16, 2018 to November 16, 2019 ("Nautilus Policy"). A true copy is attached as Exhibit D.

19.

In pertinent part, the Nautilus Policy provides as follows:

> We will pay on behalf of the "insured" the "ultimate net loss" in excess of the "underlying insurance limit" because of injury or damage caused by a "loss event" to which this insurance applies provided:
>
> 1. The aggregate amount of all limits of "Underlying Insurance" as shown in the Schedule of "Underlying Insurance" has been exhausted by payment of judgments, settlements, costs, or expenses; and
>
> 2. The "loss event" occurs or is committed during the policy period.

20.

The term "ultimate net loss" is defined by the Nautilus Policy as follows:

> a. Means the total sum, after reduction for recoveries or salvages collectible, that the "insured" becomes legally obligated to pay by reason of a judgment against the "insured" after actual trial, or alternative dispute resolution by written agreement of the "insured", the claimant or the claimant's legal representative and us;
>
> b. Includes the costs of attorneys fees in defending any claim or "suit" incurred by any "underlying insurer" if such costs are included within the limits of insurance of the "underlying insurance". However, these costs do not include salaries and

>expenses of employees or regular officials of the "underlying insurer" or the "insured"; and
>
>c. Includes all interest on judgments paid by the "insured" or any "underlying insurer".

21.

The term "underlying insurance limit" is defined by the Nautilus Policy as follows:

>"Underlying insurance limit" means the sum of amounts applicable to any claim or "suit" from:
>
>a. "Underlying insurance", whether such "underlying insurance" is collectible or not;
>
>b. Other insurance; whether primary, excess, contingent or on any other basis, except such insurance as is specifically purchased to apply in excess of this policy's Limits of Insurance; and
>
>c. Any applicable self-insured retention or deductible.
>
>"Underlying insurance limit" does not include limits of policies, coverages and endorsements written on a claims-made policy form.

22.

The term "loss event" is defined in the Nautilus Policy as "the happening, situation or circumstance that initiates the application of the 'underlying insurance' as designated in the Schedule of 'Underlying Insurance'." The "Schedule of 'Underlying Insurance'" in turn identifies policy 101 GL 0111990-00 issued by Colony Insurance Company under the heading "Commercial General Liability ("Colony Policy").

23.

The Colony Policy (a true copy of which is attached as Exhibit E) was issued to Contour Eastwyck as the named insured for the period November 16, 2018 to November 16, 2019.

24.

In pertinent part, the Colony Policy applies to "bodily injury" that occurs during the policy period and is caused by an "occurrence." The term "bodily injury" is defined in the Colony Policy to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

25.

The Nautilus Policy provides that Nautilus "will have no duty to investigate or defend any claim or 'suit'." If Nautilus exercises a right to defend, then it agrees to pay "[a]ll expenses we incur, including but not limited to attorney fees."

26.

As a condition precedent to coverage Contour Eastwyck had a duty to cooperate with Nautilus "in the investigation or settlement of the claim or defense against the 'suit'."

27.

By accepting the Nautilus policy Contour Eastwyck further agreed that "[t]his policy is void in any case of fraud and or misrepresentation by you as it relates to this policy or any claim under this policy."

### COUNT ONE – DAMAGES BECAUSE OF CONTOUR EASTWYCK'S DEFAULT ARE NOT COVERED BY THE NAUTILUS POLICY

28.

Nautilus incorporates by reference the allegations in the preceding paragraphs of this complaint.

29.

As a result of the Sanctions Order dated December 15, 2022, damages will be assessed against Contour Eastwyck because of its answer being struck.

30.

The striking of Contour Eastwyck's answer is not a "Loss Event" as that term is defined by the Nautilus Policy.

31.

The striking of Contour Eastwyck's answer on December 15, 2022 is not a "Loss Event" as that term is defined by the Nautilus Policy that occurred or was committed during the coverage period of November 16, 2018 to November 16, 2019.

32.

WHEREFORE, this Court should declare that Nautilus does not owe coverage, including a defense, for claims of damages alleged in the Complaint.

**COUNT TWO – ATTORNEY FEES AWARDED AGAINST CONTOUR EASTWYCK AS A SANCTION FOR ITS DISCOVERY ABUSE ARE NOT COVERED BY THE NAUTILUS POLICY**

33.

Nautilus incorporates by reference the allegations in the preceding paragraphs of this complaint.

34.

The award of attorney fees as provided by the Sanctions Order dated December 15, 2022 is not a "Loss Event" as that term is defined by the Nautilus Policy.

35.

The award of attorney fees as provided by Sanctions Order on December 15, 2022 is not a "Loss Event" as that term is defined by the Nautilus Policy that occurred or was committed during the coverage period of November 16, 2018 to November 16, 2019.

36.

The award of attorney fees as provided by the Sanctions Order is not an expense that Nautilus incurred in exercising a right to defend the claims in the Underlying Lawsuit.

37.

WHEREFORE, this Court should declare that Nautilus does not owe coverage for the award of attorney fees provided by the Sanctions Order.

## COUNT THREE – CONTOUR EASTWYCK BREACHED THE COOPERATION CLAUSE IN THE NAUTILUS POLICY

38.

Nautilus incorporates by reference the allegations in the preceding paragraphs of this complaint.

39.

Based on the findings in the Sanctions Order, Contour Eastwyck withheld information and/or destroyed documents that had been requested during the discovery period.

40.

Contour Eastwyck's conduct as found by the Court in the Sanctions Order and resulting in a striking of the answer breached its duty to cooperate in the defense of the Underlying Lawsuit.

41.

Due to Contour Eastwyck's fraud and misrepresentations as found by the Court in the Sanctions Order, the policy is void pursuant to its terms.

42.

WHEREFORE, this Court should declare that Nautilus does not owe coverage including a defense for the claims of damages alleged in the Complaint or for attorney fees as provided by the Sanctions Order due to Contour Eastwyck's breach of conditions precedent to coverage in the Nautilus Policy.

## **PRAYER FOR RELIEF**

43.

Based on all the terms, conditions and exclusions in the policy, whether identified in this Complaint or not, as well as relevant legal principles and public policy concerns, Nautilus seeks a declaration that it does not owe coverage, including defense and indemnity, to Contour Eastwyck for the Liability Plaintiff's damages claims or the award of attorney fees in the Sanctions Order.

44.

Nautilus demands a jury on all issues so triable.

*[See next page for signature]*

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Eric Retter
Georgia Bar No. 351882
eretter@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)