**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **NAUTILUS INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CONTOUR EASTWYCK LLC; MILDRED COLLINS-WILLIAMS, as Administrator of the Estate of Tijuana Frazier and as Guardian and Next Friend of Q.H., a minor, and PEBBLES MCCLAIN, as Guardian and Next Friend of J.F. and I.F., minors,**<br><br>**Defendants.** | **CIVIL ACTION FILE NO. 1:23-CV-00616-CAP** |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO MOTION TO COMPEL DISCOVERY**

Plaintiff Nautilus Insurance Company ("Nautilus") files this response to the motion to compel discovery (Doc. 42) filed by Defendants Mildred Collins-Williams and Pebbles McClain (the "Underlying Plaintiffs").

Nautilus has moved to dismiss this action without prejudice, or alternatively to stay the case, so as to protect highly confidential and sensitive information from disclosure pending resolution of the underlying liability case. (Doc. 40.) In tandem, Nautilus moved for a protective order from depositions of Nautilus and its insured,

Defendant Contour Eastwyck, LLC ("Contour") on overlapping grounds. (Doc. 41.) As detailed in these motions, the Underlying Plaintiffs are seeking to obtain information and testimony that undeniably infringe upon the work-product doctrine and attorney-client privilege that, if provided, would irreparably prejudice both Nautilus (and Contour, as its insured) while the underlying liability case is active. The Underlying Plaintiffs readily concede that they seek privileged information from Nautilus but maintain they are entitled to go forward, claiming that Nautilus has somehow waived the privilege and insisting that "Nautilus has refused to participate meaningfully in discovery." (Doc. 42, p.1.) Their positions are patently untrue and omit important details and the context presented. As explained below, therefore, the Underlying Plaintiffs' motion to compel should be denied.

## FACTS

Nautilus filed this action to determine its coverage for damages and attorney fees awarded as a discovery sanction against Contour in the Underlying Lawsuit, Mildred Collins-Williams, et al. v. Contour Eastwyck, LLC, Civil Action File No. 1:20-CV-3129-CAP. (Doc. 1, pp. 10-13.) Almost immediately, Nautilus moved for judgment on the pleadings, arguing that the default entered as a discovery sanction in the Underlying Lawsuit is not a "loss event" covered by the policy and, alternatively, that Contour's "fraud on the court" that led to the ultimate sanction of

a default precluded coverage under other provisions of the policy. (Doc. 28.) The Court denied Nautilus' motion, finding that "the matter cannot be resolved on the pleadings." (Doc. 38.) Notably, the Court did *not* find that damages and attorney fees resulting from the sanction order would be covered under the policy but, rather, only that the coverage question could not be resolved on the allegations alone.

While the motion for judgment on the pleadings was still pending, the Underlying Plaintiffs served Nautilus with written discovery requests (Doc. 40-1.) As Nautilus' response time was coming due, lead counsel for Nautilus contracted COVID-19 which required a 10-day isolation period; as result, counsel for Nautilus sought – and was granted – extensions for Nautilus' responses. (Exhibit A, Declaration of Philip W. Savrin.) Nautilus served its objections and responses to the discovery requests on August 7, 2023. (Doc. 42-3 and Doc. 42-4.) The Underlying Plaintiffs subsequently took issue with certain objections raised by Nautilus.

As the undersigned has outlined through detailed correspondence to counsel for the Underlying Plaintiffs (Doc. 40-2), the objections relate primarily to the fact that the requests seek information that is clearly protected by the attorney-client privilege and/or the work-product doctrine. Indeed, the bulk of the requests explicitly seek to probe deeply into decisions made during the defense of the Underlying Lawsuit – litigation which remains ongoing – and to obtain the mental

impressions of Nautilus, Contour, and defense counsel.[1] The discovery of such information by the Underlying Plaintiffs – while they are still litigating their claims against Contour – would be self-evidently, and irreparably, prejudicial to both Contour and Nautilus. The Underlying Plaintiffs similarly seek information pertaining to "any settlement offers and/or demands…received or made related to the Underlying Lawsuit,"[2] which is plainly within the purview of the protections afforded by the work-product doctrine. Finally, many of the requests veered far from the limited question of coverage that has been joined in the case, seeking information regarding the underwriting of the policy and pertaining to other, unrelated insurance claims.[3] These requests run afoul of Rule 26's limitations to requests that seek relevant information and are proportional to the needs of the case.

The Underlying Plaintiffs assert – incorrectly – that, after providing Nautilus with notice of purported deficiencies in their responses, "Nautilus did not respond by August 15, 2023." (Doc. 42, p. 3.) The Underlying Plaintiffs conveniently omit that the undersigned counsel *did*, in fact, speak with counsel for the Underlying

[1] *See, e.g.*, Doc. 40-1, Nos. 1-2, 4-7, 13-15, 17, and 19-22 and Document Requests Nos. 1-9, 13-21, 23-30, and 32-37.

[2] *See, e.g.*, Doc. 40-1, Interrogatory No. 7 and Document Request No. 37.

[3] *See, e.g.*, Doc. 40-1, Interrogatory Nos. 1-2, 5-6, and 22 and Document Requests Nos. 21, 26-28, and 32-35.

Plaintiffs by phone *on August 15, 2023*. (Exhibit A.) During that phone call, undersigned counsel advised that a privilege log was being prepared but was extensive because the liability file comprises 967 documents in .pdf format and not native format, thereby requiring each document to reviewed manually and correlated to the appropriate privilege. (Exhibit A.) When the Court issued its order the following day on the motion for judgment on the pleadings, counsel had *another* phone call in which dismissing the case without prejudice or staying discovery was discussed (Exhibit A.) Once the Underlying Plaintiffs opposed either option, the undersigned counsel advised that the onerous preparation of the privilege log would continue and, in good faith, a prototype log was forwarded on August 23, 2023. (Exhibit B, Email of August 21, 2023; Exhibit C, Email of August 23, 2023.) After the Court stayed discovery pending the resolution of the motions on August 24, 2023, the undersigned counsel attempted to engage opposing counsel in a discussion of the privilege log but, receiving no response, advised that Nautilus would hold off on completing the extensive privilege log until such time as the Court issued its rulings. (Exhibit D, Email of August 25, 2023.)

In sum, the suggestion that Nautilus has "refused to participate meaningfully in discovery" is made possible only through the strategic omission of key facts and communications. There is no doubt that this case presents unique issues given the

pendency of the Underlying Lawsuit, as all parties acknowledge. With that in mind, Nautilus, through counsel, has endeavored in good faith – at every step of the way – to proceed in a manner that both advances its rights and interests as to the coverage question, and that protects its (and its insured's) interests in the Underlying Lawsuit. To that end, and in an effort to strike the appropriate balance between these competing concerns, Nautilus has been forthright and timely in communicating its concerns to the Underlying Plaintiffs, who now myopically seek to pursue information that would provide them with a prejudicial leg-up in the Underlying Lawsuit. Taking into consideration the full and complete picture, as provided herein, the Court should deny the Underlying Plaintiffs' motion to compel.

## ARGUMENT AND CITATION OF AUTHORITY

### A. The Underlying Plaintiffs are not entitled to privileged communications

The Underlying Plaintiffs explicitly seek information from Nautilus that infringes upon the attorney-client privilege. The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law, and it protects the disclosures that a client makes to his attorney, in confidence, for the purpose of securing legal advice or assistance." Sperling v. City of Kennesaw Police Dept., 202 F.R.D. 325, 327 (N.D. Ga. 2001) (citing Cox v. Administrator United States Steel & Carnegie, 17 F.3d 1386, 1414 (11th Cir. 1994) (internal

punctuation omitted). Should the Underlying Plaintiffs obtain such information, the ability of both Contour and Nautilus to provide a defense in the Underlying Lawsuit would be irreparably damaged. To state the obvious, myriad irreparable complications would arise in the Underlying Lawsuit if Contour's and Nautilus' adversaries in that case – i.e., the Underlying Plaintiffs – were permitted to discovery privileged communications between and among Contour, Nautilus, and defense counsel.[4] The discovery requests that seek such information include Interrogatory Nos. 1-2, 4-7, 13-15, 17, and 19-22 and Document Requests Nos. 1-9, 13-21, 23-30, and 32-37 (Doc. 40-1.)

It is unnecessary to speculate as to whether the Underlying Plaintiffs seek such information, as they acknowledge as much in their motion to compel (*See* Doc. 42, p. 1). Indeed, the central premise of the Underlying Plaintiffs' motion to compel is *not* that the information they seek is not privileged but, rather, that "Nautilus waived its claim of privilege and has created a situation where to defend the claims, the [Underlying Plaintiffs] are entitled to" the privileged information. (Doc. 42, p.1.) The Underlying Plaintiffs' argument in this regard lacks merit. Nautilus' claim in

[4] The highly confidential and sensitive nature of the discovery sought by the Underlying Plaintiffs is self-evident and undisputed. Indeed, Contour has now joined in Nautilus' motion for protective order, noting that "[a]llowing the Underlying Plaintiffs to obtain that information would result in Nautilus and Contour turning over Contour's privileged and protected work product, mental impressions, and other information to their adversaries in the Underlying Lawsuit for potential use at that liability trial which simply cannot be permitted." (Doc. 45, p. 2.)

this action – that a default in the Underlying Lawsuit resulting from the Court's factual findings of intentional abuse of the discovery process by its insured is not covered under the policy – is meritorious, at the very least. With the Court's finding that coverage cannot be determined by the pleadings alone, Nautilus has acknowledged that *some* of the privileged information may be discoverable to resolve whether the "fraud" and "cooperation" clauses in the policy preclude coverage as a result of the sanction order.

It is for precisely this reason that Nautilus moved to voluntarily dismiss this case without prejudice or, in the alternative, to stay discovery pending resolution of the Underlying Lawsuit. (*See* Doc. 40.) Although the Underlying Plaintiffs cite the "offensive use doctrine" in support of their argument that Nautilus has waived the privilege (Doc. 41, p. 7), Nautilus seeks to *avoid* using the privilege as a shield while the Underlying Lawsuit remains active as demonstrated by Nautilus' moving to dismiss or alternatively stay this action. It is disingenuous, at best, for the Underlying Plaintiffs to argue that the privilege has waived when Nautilus is seeking to preserve the privilege by *not* pursuing declaratory relief at this time.

**B. <u>The Underlying Plaintiffs are not entitled to work product</u>**

The Underlying Plaintiffs similarly seek information that falls squarely within the definition of work product. The work-product doctrine is premised on the

foundational principle that "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." Sperling at 327 (quoting Hickman v. Taylor, 329 U.S. 495, 510-11) (1947)). The discovery requests that seek such information include Interrogatory Nos. 1-2, 4-7, 13-15, 17, and 19-22 and Document Requests Nos. 1-9, 13-21, 23-30, 32-37 (Doc. 40-1.)

The work-produce doctrine is codified in Fed. R. Civ. P. 26(b)(3) and protects the discovery of materials and information "prepared in anticipation of litigation or for trial" unless the party seeking such materials can demonstrate a "substantial need" for the information. Nautilus maintains that, to the extent the Underlying Plaintiffs could demonstrate any need for such materials – much less a "substantial" one – such a showing could not be made unless and until the Court finds that the sanctions order in the Underlying Lawsuit constitutes a "loss event" under the policy. Even then, the irreparable prejudice to Contour and Nautilus that would result from the discovery of such information would undeniably outweigh any such "need" on the part of the Underlying Plaintiffs. Again, Nautilus seeks to *avoid* using the protection as a shield while the Underlying Lawsuit remains active.

**C. The Underlying Plaintiffs are not entitled to information that is not relevant or proportional to the needs of the case.**

Finally, the Underlying Plaintiffs seek testimony well outside the scope of

permissible discovery that has no bearing on the issues in this case. Under Rule 26(b)(1), the parties "may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case*." Akridge v. Alfa Mutual Ins. Co., 109 Fed.R.Serv.3d 1253, 1276 (11th Cir. 2021) (emphasis added). In the discovery context, relevance refers to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Id. (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Simply put, the sole issue in this case is whether coverage exists under the subject insurance policy in light of the Court's sanction order issued in the Underlying Lawsuit. Accordingly, discovery requests pertaining to, for example, Nautilus' underwriting procedures, reserve amounts, and to *completely unrelated* prior claims handled by Nautilus are neither relevant to any party's claim or defense nor proportional to the needs of this case. The discovery requests that seek such information include Interrogatory Nos. 1-2, 5-6, and 22 and Document Requests Nos. 21, 26-28, and 32-35 (Doc. 40-1.)

## CONCLUSION

The Underlying Plaintiffs would have the Court view their motion to compel in a vacuum, completely devoid of the procedural posture and timeline that, taken as a whole, must inform the Court's consideration of the various issues before it in this

case. The Underlying Plaintiffs have represented to the Court that "Nautilus [has] refused to participate meaningfully in discovery." In reality, Nautilus has consistently undertaken good faith efforts to navigate the unique and complicated issues involved. It is within this context that the Underlying Plaintiffs' primary argument – that Nautilus has waived any privilege through "offensive use" – is noteworthy. Their argument in that regard is particularly ironic given their sustained, parallel efforts to thwart Nautilus' attempt to *avoid* "offensive use" of privilege by either dismissing the suit without prejudice or staying discovery until the Underlying Lawsuit is resolved. Simply put, the Underlying Plaintiffs seek to gain an unfair advantage in the Underlying Lawsuit by effectively trapping Nautilus in an untenable position while demanding privileged information as a penalty. For the foregoing reasons, the Court should deny the motion to compel.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Kyle A. Ference
Georgia Bar No. 683043
kyle.ference@fmglaw.com

*Counsel for Plaintiff*
*Nautilus Insurance Company*

**LOCAL RULE 7.1 CERTIFICATION**

The undersigned does hereby certify that this memorandum of law has been prepared with Times New Roman 14-point font in compliance with Local Rule 5.1.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
*Counsel for Plaintiff*
*Nautilus Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing to the Clerk of Court using the Court's E-file system, which will automatically send electronic mail notification of such filing to the following counsel of record:

Gregory M. Taube
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW
Suite 1700
Atlanta, Georgia 30363

Gregory J. May
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Financial Center, Suite 3500
Boston, MA 02111

D. Austin Bersinger
Christina M. Baugh
Alexis Daenecke
BARNES & THORNBURG LLP
3340 Peachtree Road NE, Suite 2900
Atlanta, Georgia 30329

Alexander Brown
RAFI LAW FIRM
1776 Peachtree Street NW
Suite 423-South
Atlanta, Georgia 30309

This 5th day of September, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Kyle A. Ference
Georgia Bar No. 683043
kyle.ference@fmglaw.com