UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CONTOUR EASTWYCK LLC;<br>MILDRED COLLINS-WILLIAMS, as<br>Administrator of the Estate of Tijuana<br>Frazier and as Guardian and Next<br>Friend of Q.H., a minor, and PEBBLES<br>MCCLAIN, as Guardian and Next<br>Friend of J.F. and I.F., minors,<br><br>Defendants. | CIVIL ACTION FILE NO.<br>1:23-CV-00616-CAP |

## DECLARATION OF PHILIP W. SAVRIN

My name is Philip W. Savrin, I am over the age of 18, suffer from no legal disabilities, and base this Declaration on my personal knowledge of the facts stated in this document.

1.

I serve as lead counsel in this action on behalf of Plaintiff Nautilus Insurance Company ("Nautilus"). This Declaration is provided in relation to Nautilus' opposition to the Underlying Plaintiffs' motion to compel (Doc. 42.)

2.

Upon reviewing the court's order denying Nautilus' motion for judgment on the pleadings (Doc. 38), I inquired with counsel for the defendants as to staying discovery in the instant matter pending resolution of the Underlying Lawsuit.

3.

On August 16, 2023, I spoke with counsel for the Underlying Plaintiffs who acknowledged that the denial of the motion for judgment on the pleadings meant that discovery could venture into highly confidential and sensitive information which, if disclosed, would jeopardize the integrity of the Underlying Lawsuit. He stated that he would talk to the attorney in the Underlying Lawsuit about whether to agree to stay the proceedings, but suggested that Nautilus could instead dismiss the case voluntarily. He subsequently stated by email that, while the Underlying Plaintiffs would not agree to a stay, it "[s]eems [the] easier route will be voluntary dismissal. Will look for your filings." (Doc. 40-3.)

4.

In light of his response, I circulated a stipulation of dismissal to all parties in this case. It was only then that counsel for the attorney representing the Underlying Plaintiffs in the liability action – but not in this coverage action – opposed the voluntarily dismissal. The Underlying Plaintiffs' counsel in the liability action –

Michael Rafi –conditioned his clients' consent to dismissal on Nautilus reimbursing the legal fees incurred in this action.

5.

As a result of the opposition to the stipulation of voluntary dismissal, Nautilus had no option other than to move to dismiss without prejudice or, in the alternative, motion to stay.

6.

In the response to Nautilus' motion for voluntarily dismissal, counsel for the Underlying Plaintiffs has suggested that Nautilus has not engaged in discovery. This is not true. The Underlying Plaintiffs did not serve written requests upon Nautilus until approximately halfway through the initial discovery period. As Nautilus' response time was coming due, I contracted COVID-19 which required a 10-day isolation period, requiring me to request extensions for Nautilus' responses.

7.

After receiving a letter objecting to Nautilus' discovery responses, I spoke with counsel for the Underlying Plaintiffs on August 15, 2023 to advise that a privilege log was being prepared, but that it would be extensive because the liability file comprises 967 documents in .pdf format and not native format, requiring each document to be manually reviewed and correlated to the appropriate privilege.

8.

I followed up with counsel on August 21, 2023 to advise that the onerous preparation of the privilege log would continue. The following day, August 22, 2023, I sent a letter to counsel outlining Nautilus' position regarding the discovery issues. (Doc. 40-2.) In good faith, I forwarded a prototype of the privilege log on August 23, 2023.

9.

On August 24, 2023, the Court entered an order staying discovery pending resolution of the motions. At that point, I advised opposing counsel that we would hold off on completing the extensive privilege log as we can pick up where we left off depending on how the Court rules.

Pursuant to 28 U.S.C. § 1746, I declare by my signature below that the foregoing facts are true and correct, under penalty of perjury.

This 5th day of September, 2023.

*/s/ Philip W. Savrin*
Philip W. Savrin