## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>CONTOUR EASTWYCK LLC; MILDRED COLLINS-WILLIAMS, as Administrator of the Estate of Tijuana Frazier; RAY KENDRICK, as Conservator for Quanisha Holt, an adult ward; and PEBBLES MCCLAIN, as Guardian and Next Friend of J.F. and I.F., minors,<br><br>          Defendants. | Case No.:  1:23-cv-616-JPB |

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendants  MILDRED  COLLINS-WILLIAMS,  as  Administrator  of  the
Estate of Tijuana Frazier, RAY KENDRICK, as Conservator for Quanisha Holt, an
adult ward, and PEBBLES MCCLAIN, as Guardian and Next Friend of J.F. and I.F.,
minors (collectively, the "**Representative Defendants**") answer the allegations of
Plaintiff Nautilus Insurance Company's ("**Nautilus**") Amended Complaint, (Doc.
63), and assert the following affirmative defenses:

## ANSWER

In response to the numbered paragraphs of the Amended Complaint, the Representative Defendants respond as follows:

## PARTIES

1)      Nautilus, the plaintiff herein, seeks a declaration as to coverage, if any, owed for judgments entered against Contour Eastwyck, LLC ("Contour"), the named insured on an insurance policy. Nautilus is organized under the laws of Arizona with its principal place of business in Arizona. For purposes of federal court jurisdiction, therefore, Nautilus is a citizen of Arizona.

RESPONSE: The Representative Defendants lack knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Amended Complaint, which therefore, are denied.

2)      Contour, a defendant herein, is a citizen of Michigan, Delaware, New York, California, New Jersey, Maryland, Indiana, Kentucky, and Texas, where its members are citizens.

RESPONSE: The Representative Defendants lack knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Amended Complaint, which therefore, are denied.

3)      Mildred Collins-Williams is a defendant herein as Administrator of the Estate of Tijuana Frazier.   For purposes of federal court jurisdiction, Collins-

2

Williams is a citizen of Georgia where the decedent was a citizen. 28 U.S.C. § 1332(c)(2). Collins-Williams is named so as to be bound by the coverage rulings of the Court.

RESPONSE: Admitted.

4)    Ray Kendrick, Jr. is a defendant herein as Conservator of Quanisha Holt, an adult ward. For purposes of federal court jurisdiction, Kendrick is a citizen of Georgia where the adult ward is a citizen.  28 U.S.C. § 1332(c)(2). Kendrick is named so as to be bound by the coverage rulings of the Court and can be served with process at 2920 Camary Place Drive SE, Conyers, Georgia 30094.

RESPONSE: Admitted.

5)    Pebbles McClain is a defendant herein as Guardian and Next Friend of J.F. and I.F. McClain is a citizen of North Carolina where the represented minors are citizens. 28 U.S.C. § 1332(c)(2). McClain is named so as to be bound by the coverage rulings of the Court.

RESPONSE: Admitted.

## **JURISDICTION**

6)    There is complete diversity of citizenship between Nautilus and the defendants.

RESPONSE: Upon information and belief, admitted.

7)    The amount in controversy exceeds $75,000.

RESPONSE: Admitted.

8)      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

RESPONSE: Admitted.

9)      There is an actual case and controversy concerning Nautilus's coverage obligations to support declaratory relief. 28 U.S.C. § 2201; Fed. R. Civ. P. 57.

RESPONSE: Denied that Nautilus has a good faith basis to disclaim coverage.

10)     Defendants are subject to this Court's personal jurisdiction.

RESPONSE: Admitted.

## **VENUE**

11)     Venue is proper in the Atlanta Division of the Northern District of Georgia where one of the defendants resides and where a substantial part of the events or omissions giving rise to the claim occurred. 28 USC § 1391(b); N.D. Ga. Loc. R. 3.1.

RESPONSE: Admitted.

## FACTS

### The Underlying Lawsuit

12)    Collins-Williams and McClain ("Liability Plaintiffs[1]") sued Contour in the State Court of DeKalb County, Georgia, seeking damages arising from the death of Tijuana Frazier in the case styled *Mildred Collins Williams, et al. v. Contour Eastwyck LLC*, Civil Action 20A80926 (the "Underlying Lawsuit"). A true copy appears in the record as Doc 1-1.

RESPONSE: Admitted.

13)    The Liability Plaintiffs allege Contour, as the owner of the property, was liable for Frazier's death for failing to keep the premises safe; allowing and maintaining a nuisance; and negligently hiring, training, supervising, and retaining its employees.

RESPONSE: Admitted.

---

[1] In the Underlying Lawsuit, Collins-Williams was originally a named plaintiff in her capacity both as administrator of the estate of Tijuana Frazier *and* as guardian and next friend of Quanisha Holt, a minor. However, on August 13, 2024, Kendrick, as conservator of Holt (who has since attained majority status), was substituted as Holt's representative in place of Collins-Williams who remained a plaintiff in her capacity as administrator of Frazier's estate. Therefore, as used herein, the term "Liability Plaintiffs" refers collectively to Collins-Williams, McClain, and Kendrick in their respective representative capacities. The case caption for this matter has been amended accordingly.

14) Contour removed the Underlying Lawsuit to the United States District Court for the Northern District of Georgia based on diversity of citizenship between the parties where it was assigned Civil Action File No. 1:20-CV-3129-CAP.

RESPONSE: Admitted.

15) Following a course of discovery, the Liability Plaintiffs moved for sanctions against both Contour and its defense counsel based on allegations of abuses of the discovery process.

RESPONSE: Admitted.

16) On December 15, 2022, the Court granted the Liability Plaintiffs' motion, finding that both Contour and its defense attorneys failed to produce relevant information and destroyed relevant documents (the "Sanction Order"). In addition to striking Contour's answer as a result, the Court ruled that Contour and its defense attorneys would be jointly and severally liable for the Liability Plaintiffs' attorney fees incurred as a result of their misconduct. A true copy appears in the record as Doc. 28-1.

RESPONSE: Admitted.

17) Meanwhile, the Liability Plaintiffs had moved to approve a partial settlement of their claims pursuant to an agreement reached with Colony Insurance Company ("Colony") as Contour's primary carrier. As represented by the Liability Plaintiffs, Colony had agreed to pay the $1,000,000 limit of its primary policy issued

to Contour in exchange for a limited release, conditioned on approval by the Court. A true copy, without exhibits, appears in the record as Doc. 1-3.

RESPONSE: Admitted.

18)    The Court had not approved the Liability Plaintiffs' partial settlement with Colony by the time the Sanction Order was issued, after which the Liability Plaintiffs moved to rescind the partial settlement based on fraudulent conduct by Contour. The Court denied the motion to rescind as untimely.

RESPONSE: Admitted Defendants moved to rescind the partial settlement and that the motion was denied. All other averments contained in Paragraph 17 are denied.

19)    A jury returned a verdict in the Underlying Lawsuit on March 21, 2024 awarding the Liability Plaintiffs $1,000,000 in compensatory damages for the conscious pain and suffering of the decedent and $858,548 in compensatory damages for the full value of the decedent's life.  A true copy of the compensatory damages verdict is attached as Exhibit F.[2]

RESPONSE:  The jury's verdict speaks for itself; therefore, denied, to the extent the allegations of this paragraph are inconsistent with the document.

20)    The jury in the Underlying Lawsuit then returned a verdict on March 22, 2024 awarding the Liability Plaintiffs $2,000,000 in punitive damages

---

[2] Nautilus continues the sequencing of the exhibits from its initial Complaint.

against Contour. A true copy of the punitive damages verdict is attached as Exhibit G.

RESPONSE:  The jury's verdict speaks for itself; therefore, denied, to the extent the allegations of this paragraph are inconsistent with the document.

21)     On May 9, 2024, the Court in the Underlying Lawsuit entered an Order finding that the Liability Plaintiffs were entitled to an award of attorney fees, jointly and severally against Contour and its defense attorneys, in the amount of $232,740 (the "Underlying Fee Award"). A true copy of the Underlying Fee Award is attached as Exhibit H.

RESPONSE:  The Underlying Fee Award speaks for itself; therefore, denied, to the extent the allegations of this paragraph are inconsistent with the document.

22)     On information and belief, the Liability Plaintiffs have settled the fee claim in an agreement that releases Contour and its defense attorneys from claims arising from the Underlying Fee Award.

RESPONSE:  Admitted.

23)     On September 4, 2024, the Court in the Underlying Lawsuit approved the partial settlement with Colony, a true copy of which is attached as Exhibit I.

RESPONSE:  The order speaks for itself; therefore, denied, to the extent the allegations of this paragraph are inconsistent with the document.

24)    Final judgment was entered in the Underlying Lawsuit which was amended on September 10, 2024 to reflect the statutory cap on punitive damages as well as stipulated funeral expenses, totaling $1,862,158 in compensatory damages and $250,000 in punitive damages ("Underlying Judgment"). A true copy is attached as Exhibit J.

RESPONSE:  The Underlying Judgment speaks for itself; therefore, denied, to the extent the allegations of this paragraph are inconsistent with the document

The Nautilus Policy

25)    Nautilus contributed to the cost of Contour's defense pursuant to a reservation of rights agreement under the terms of excess liability policy AN060019 issued to Contour as a named insured for the period November 16, 2018 to November 16, 2019 ("Nautilus Policy"). A true copy appears in the record as Doc. 1-4.

RESPONSE: Defendants lack knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 25 of the Complaint, which therefore, are denied.

26)    In pertinent part, the Nautilus Policy provides as follows:

We will pay on behalf of the "insured" the "ultimate net loss" in excess of the "underlying insurance limit" because of injury or damage caused by a "loss event" to which this insurance applied provided:

1.      The aggregate amount of all limits of "Underlying Insurance" as shown in the Schedule of "Underlying Insurance" has been exhausted by payment of judgments, settlements, costs, or expenses; and

2.      The "loss event" occurs or is committed during the policy period.

RESPONSE: Assuming Exhibit D is a true and correct copy of the Nautilus Policy, admitted that the quoted language appears in Section I - Excess Liability Coverage. All other averments contained in Paragraph 26 are denied.

27)    The term "ultimate net loss" is defined by the Nautilus Policy as follows:

a.      Means the total sum, after reduction for recoveries or salvages collectible, that the "insured" becomes legally obligated to pay by reason of a judgment against the "insured" after actual trial, or alternative dispute resolution by written agreement of the "insured", the claimant or the claimant's legal representative and us;

b.      Includes the cost of attorneys fees in defending any claim or "suit" incurred by any "underlying insurer" if such costs are included within the limits of insurance of the "underlying insurance." However, these costs do not include salaries and expenses of employees or regular officials of the "underlying insurer" or the "insured"; and

c.      Includes all interest on judgments paid by the "insured" or any "underlying insurer."

4938-2278-7840.1

RESPONSE: Assuming Exhibit D is a true and correct copy of the Nautilus Policy, admitted that the quoted language appears in Section IV - Definitions. All other averments contained in Paragraph 27 are denied.

28)     The term "underlying insurance limit" is defined by the Nautilus Policy as follows:

> "Underlying insurance limit" means the sum of amounts applicable to any claim or "suit" from:
>
> a.     "Underlying insurance", whether such "underlying insurance" is collectible or not;
>
> b.     Other insurance; whether primary, excess, contingent or on any other basis, except such insurance as is specifically purchased to apply in excess of this policy's Limits of Insurance; and
>
> c.     Any applicable self-insured retention or deductible.
>
> "Underlying insurance limit" does not include limits of policies, coverages and endorsements written on a claims-made policy form.

RESPONSE: Assuming Exhibit D is a true and correct copy of the Nautilus Policy, admitted that the quoted language appears in Section IV - Definitions. All other averments contained in Paragraph 28 are denied.

29)     The term "loss event" is defined in the Nautilus Policy as "the happening, situation or circumstance that initiates the application of the 'underlying insurance' as designated in the Schedule of 'Underlying Insurance'."  The "Schedule of `Underlying Insurance'" in turn identifies policy 101 GL 0111990-00 issued by

11

Colony Insurance Company under the heading Commercial General Liability ("Colony Policy").

RESPONSE: Assuming Exhibit D is a true and correct copy of the Nautilus Policy, admitted that the quoted language appears in Section IV - Definitions and the Schedule of Underlying Insurance. All other averments contained in Paragraph 29 are denied.

30)    The Colony Policy was issued to Contour as the named insured for the period November 16, 2018 to November 16, 2019. A true copy appears in the record as Doc. 1-5.

RESPONSE: The Representative Defendants lack knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 30 of the Complaint, which therefore, are denied.

31)    In pertinent part, the Colony Policy applies to "bodily injury" that occurs during the policy period and is caused by an "occurrence." The term "bodily injury" is defined in the Colony Policy to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time" The "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

RESPONSE: Assuming Exhibit E is a true and correct copy of the Colony Policy, admitted that the quoted language appears in within the policy. All other averments contained in Paragraph 31 are denied.

32)    The Nautilus Policy provides that Nautilus "will have no duty to investigate or defend any claim or 'suit'." If Nautilus exercises a right to defend, then it agrees to pay "[a]ll expenses we incur, including but not limited to attorney fees."

RESPONSE: Assuming Exhibit D is a true and correct copy of the Nautilus Policy, admitted that the quoted language appears in Section I - Excess Liability Coverage. Denied that the quoted expenses are the only ones Nautilus agreed to pay if it exercised its right to investigate or defend a suit. All other averments contained in Paragraph 32 are denied.

33)    As a condition precedent to coverage Contour had a duty to cooperate with Nautilus "in the investigation or settlement of the claim or defense against the 'suit'."

RESPONSE: Paragraph 33 sets forth a statement of law, to which no response is required, but to the extent a response is required, it is denied.

34)    By accepting the Nautilus Policy Contour further agreed that "[t]his policy is void in any case of fraud and or misrepresentation by you as it relates to this policy or any claim under this policy."

RESPONSE: Paragraph 34 sets forth a statement of law, to which no response is required, but to the extent a response is required, it is denied.

### COUNT ONE - DAMAGES BECAUSE OF CONTOUR'S DEFAULT ARE NOT COVERED BY THE NAUTILUS POLICY

35)    Nautilus incorporates by reference the factual allegations in the preceding paragraphs of this Amended Complaint as if set forth fully herein.

RESPONSE: The Representative Defendants incorporate by reference their responses to Paragraphs 1-34 as if fully set forth herein.

36)    As a result of the Sanctions Order dated December 15, 2022, damages were assessed by a jury against Contour because of its answer being struck, resulting in the Underlying Judgment.

RESPONSE: Denied. Damages were assessed against Contour because of its liability to the Representative Defendants.

37)    The striking of Contour's answer is not a "Loss Event" as that term is defined by the Nautilus Policy.

RESPONSE: Paragraph 37 sets forth a statement of law, to which no response is required. To the extent a response is required, it is denied.  The applicable "Loss Event" under the Nautilus Policy are the tortious actions set forth in the Underlying Lawsuit.

38)    The striking of Contour's answer on December 15, 2022 is not a "Loss Event" as that term is defined by the Nautilus Policy that occurred or was committed during the coverage period of November 16, 2018 to November 16, 2019.

RESPONSE: Paragraph 38 sets forth a statement of law, to which no response is required. To the extent a response is required, it is denied.  The applicable "Loss Event" under the Nautilus Policy are the tortious actions set forth in the Underlying Lawsuit, which did occur during the coverage period of November 16, 2018 to November 16, 2019.

39)    WHEREFORE, this Court should declare that Nautilus does not owe coverage to Contour for the Underlying Complaint.

RESPONSE: Denied.

## COUNT TWO - ATTORNEY FEES AWARDED AGAINST CONTOUR AS A SANCTION FOR ITS DISCOVERY ABUSE ARE NOT COVERED BY THE NAUTILUS POLICY[3]

40)    Nautilus incorporates by reference the factual allegations in the preceding paragraphs of this Amended Complaint as if fully set forth herein.

RESPONSE: The Representative Defendants incorporate by reference their responses to Paragraphs 1-39 as if fully set forth herein.

---

[3] Nautilus asserts Count Two in the event that the Liability Plaintiffs seek to recover any portion of the Underlying Fee Award despite Nautilus' understanding that Contour and its defense attorneys have been released from any such obligation.

41)    The Underlying Fee Award, as provided by the Sanctions Order dated December 15, 2022 is not a "Loss Event" as that term is defined by the Nautilus Policy.

RESPONSE: Paragraph 41 sets forth a statement of law, to which no response is required. To the extent a response is required, it is denied. The applicable "Loss Event" under the Nautilus Policy are the tortious actions set forth in the Underlying Lawsuit, which initiated the application of the Nautilus Policy, and resulted in an "ultimate net loss" against Contour and in favor of Defendants, which is covered under the Nautilus Policy.

42)    The Underlying Fee Award, which was issued pursuant to the Sanction Order issued on December 15, 2022 is not a "Loss Event" as that term is defined by the Nautilus Policy that occurred or was committed during the coverage period of November 16, 2018 to November 16, 2019.

RESPONSE: Paragraph 42 sets forth a statement of law, to which no response is required. To the extent a response is required, it is denied. The applicable "Loss Event" under the Nautilus Policy are the tortious actions set forth in the Underlying Lawsuit, which occurred during the policy term, which initiated the application of the Nautilus Policy, and resulted in an "ultimate net loss" against Contour and in favor of Defendants, which is covered under the Nautilus Policy.

4938-2278-7840.1

43)    The Underlying Fee Award is not an expense that Nautilus incurred in exercising a right to defend the claims in the Underlying Lawsuit.

RESPONSE: Denied. Nautilus participated in and contributed to the defense in the Underlying Lawsuit, including strategy decisions which lead to the Sanctions Order. Nautilus is required to cover the resulting sanctions due, at least in part, to Nautilus' defense strategy decisions.

44)    WHEREFORE, this Court should declare that Nautilus does not owe coverage for the Underlying Fee Award.

RESPONSE: Denied.

## COUNT THREE - CONTOUR BREACHED THE COOPERATION CLAUSE IN THE NAUTILUS POLICY

45)    Nautilus incorporates by reference the factual allegations in the preceding paragraphs of this Amended Complaint as if fully set forth herein.

RESPONSE: The Representative Defendants incorporate by reference their responses to Paragraphs 1-44 as if fully set forth herein.

46)    Even before the Underlying Lawsuit was filed, Nautilus sought Contour's cooperation to investigate and defend the Liability Plaintiffs' claims against Contour.

RESPONSE: The Representative Defendants lack knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 46 of the Amended Complaint, which therefore, are denied.

17

47)    Despite Nautilus' repeated efforts, Contour breached its duty to cooperate by repeatedly failing to provide requested information and documentation that was requested by Nautilus.

RESPONSE: The Representative Defendants lack knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 47 of the Amended Complaint, which therefore, are denied.

48)    On January 21, 2020, Nautilus advised Contour of its ongoing failure to cooperate as required by the Nautilus Policy an issued a reservation of rights that included breach of that condition precedent to coverage. A true copy is attached as Exhibit K.

RESPONSE: The Representative Defendants lack knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 48 of the Amended Complaint, which therefore, are denied.  To the extent the allegations of this paragraph are meant to reflect information contained in the referenced letter, the letter speaks for itself; therefore, denied, to the extent the allegations of this paragraph are inconsistent with the document.  Otherwise, denied.

49)    Based on the findings in the Sanction Order, Contour withheld information and/or destroyed documents during the discovery process in the Underlying Lawsuit.

RESPONSE:  The Sanctions Order speaks for itself; therefore, denied, to the extent the allegations of this paragraph are inconsistent with the document. Otherwise, denied.

50)    Contour's conduct as found by the Court in the Sanction Order and resulting in a striking of the answer reflected its breach of its duty to cooperate under the Nautilus Policy.

RESPONSE:  The Sanctions Order speaks for itself; therefore, denied, to the extent the allegations of this paragraph are inconsistent with the document. Otherwise, denied.

51)    Contour's conduct, including but not limited to the fraud and misrepresentations detailed in the Sanctions Order, voided any coverage under the Nautilus Policy.

RESPONSE:  The Sanctions Order speaks for itself; therefore, denied, to the extent the allegations of this paragraph are inconsistent with the document. Otherwise, denied.

52)    WHEREFORE, this Court should declare that Nautilus does not owe coverage for either the Underlying Judgment or the Underlying Fee Award duty to Contour's breach of conditions precedent to coverage in the Nautilus Policy.

RESPONSE: Denied.

**PRAYER FOR RELIEF**

53)    Based upon all the terms, conditions, and exclusions in the Nautilus Policy, whether identified in this Amended Complaint or not, as well as relevant principles and public policy concerns, Nautilus seeks a declaration that it does not owe coverage to Contour for either the Underlying Judgment or the Underlying Fee Award.

RESPONSE:  Denied.

54)    Nautilus demands a jury on all issues so triable.

RESPONSE: The Representative Defendants join in and separately demand a jury trial on all issues so triable.

WHEREFORE, the Representative Defendants respectfully pray that Plaintiff Nautilus' Amended Complaint and request for relief be denied in whole, that attorneys' fees and costs be assessed against Plaintiff Nautilus, that judgment be entered in favor of the Representative Defendants, and that the Court grant any other relief that it deems just and proper.

**AFFIRMATIVE DEFENSES**

FIRST DEFENSE

Nautilus fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Nautilus' claims are barred, in whole or in part, based on the doctrines of

laches, waiver, or estoppel.

### THIRD DEFENSE

Nautilus' claims are barred, in whole or in part, by the doctrine of voluntary payment.

### FOURTH DEFENSE

Nautilus' claims are barred, in whole or in part, by its failure to perform its contractual obligations.

### FIFTH DEFENSE

Nautilus' claims are barred, in whole or in part, by its participating in or assent to the actions leading to the Sanctions Order.

### SIXTH DEFENSE

Nautilus' claims are barred in whole or in part due to its unclean hands.

Respectfully submitted this 26th day of November 2024.

/s/ D. Austin Bersinger
D. Austin Bersinger, Esq.
Georgia Bar No. 144792
Bradley Arant Boult Cummings LLP
Promenade Tower
1230 Peachtree Street NE, Suite 2100
Atlanta, Georgia 30309
Tel. 404.868.2042
abersinger@bradley.com

*Counsel for the Representative Defendants*

21

4938-2278-7840.1

## **CERTIFICATE OF SERVICE**

I certify that on November 26, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court through the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ D. Austin Bersinger*
D. Austin Bersinger, Esq.
Georgia Bar No. 144792

4938-2278-7840.1